# 23-702

==================================================================

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Fernando G. IRAZU,

*Plaintiff-Appellant*

v.

Margarita OLIVA SAINZ DE AJA,  Kevin Francis COLLINS,
Jeffrey Alan DIAMOND,

*Defendants-Appellees*

_____

On Appeal from the United States District Court
for the District of Connecticut

_____

**SPECIAL APPENDIX TO BRIEF OF APPELLANT FERNANDO G. IRAZU**

_____

Fernando G. Irazu
Billinghurst 1656, 2 A
Buenos Aires, 1425
Argentina
+54 11 4824-1067
fgirazu@gmail.com

*Plaintiff-Appellant, Pro se, Attorney at Law*

==================================================================

# TABLE OF CONTENTS

**Page**

**SPECIAL APPENDIX A**…………………………………………….…….SA-3

US District Court of Connecticut, Docket Sheet, 23-702, 4/27/2023 (Document 1-2)

**SPECIAL APPENDIX B**…………………………………..………………..SA-14

Ruling on the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Ruling Recommending Dismissal of 5/25/2021, US Magistrate Robert Spector (# 10).

**SPECIAL APPENDIX C**…………………………………..……………..SA-20

Ruling Recommending Dismissal of 3/8/2022, US Magistrate Robert Spector (# 19).

**SPECIAL APPENDIX D**…………………………………..……………..SA-34

Ruling of 12/22/2022 dismissing the complaint, finding moot all requests and ordering to close the case, Judge Victor A. Bolden (# 27).

**SPECIAL APPENDIX E**…………………………………..……………..SA-36

Ruling and Order on Motion to Transfer/Disqualify/Recuse of 12/22/2022, Judge Victor A. Bolden (# 26).

**SPECIAL APPENDIX F**…………………………………..……………..SA-41

Ruling and Order to Amend, Motion for Reconsideration and Motion for E-filing of 4/7/2023, Judge Victor A. Bolden (# 31).

**SPECIAL APPENDIX G**…………………………………..……………..SA-50

Plaintiff's Notice of Appeal of 4/21/2023 (# 32).

APPEAL,CLOSED,EFILE,MOTREF,PROSE,RMS

# U.S. District Court
# District of Connecticut (New Haven)
# CIVIL DOCKET FOR CASE #: 3:21-cv-00618-VAB

Irazu v. Sainz De Aja et al                         Date Filed: 05/05/2021
Assigned to: Judge Victor A. Bolden                 Date Terminated: 12/22/2022
Referred to: Judge Robert M. Spector                Jury Demand: Plaintiff
Cause: 42:1983 Civil Rights Act                     Nature of Suit: 440 Civil Rights: Other
                                                    Jurisdiction: Federal Question

**Plaintiff**

**Fernando G. Irazu**                represented by   **Fernando G. Irazu**
                                                      Billinghurst 1656, 2 A
                                                      Buenos Aires 1425
                                                      AR
                                                      +5411 4824-1067
                                                      Email: fgirazu@gmail.com
                                                      PRO SE

V.

**Defendant**

**Margarita Oliva Sainz De Aja**

**Defendant**

**Kevin F. Collins**

**Defendant**

**Jeffrey A. Diamond**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2021 | 1 | COMPLAINT against Kevin F. Collins, Margarita Oliva Sainz De Aja, filed by Fernando G. Irazu. (Attachments: # 1 Exhibts)(Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 2 | MOTION for Leave to Proceed in forma pauperis by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 3 | Consent to Electronic Notice by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 4 | MOTION By Self-Represented Litigant to Participate in Electronic Filing by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 5 | Order on Pretrial Deadlines: Amended Pleadings due by 7/4/2021. Discovery due by 11/4/2021. Dispositive Motions due by 12/9/2021. Signed by Clerk on 05/05/2021.(Fazekas, J.) (Entered: 05/05/2021) |

SA - 3

| 05/05/2021 | 6 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Victor A. Bolden on 05/5/2021.(Fazekas, J.) (Entered: 05/05/2021) |
|---|---|---|
| 05/05/2021 | 7 | STANDING PROTECTIVE ORDER<br>Signed by Judge Victor A. Bolden on 05/5/2021.(Fazekas, J.) (Entered: 05/05/2021) |
| 05/10/2021 | 8 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for initial review of the Complaint 1 pursuant to 28 USC § 1915 and 2 MOTION for Leave to Proceed in forma pauperis.<br>Signed by Judge Victor A. Bolden on 5/10/2021. Motions referred to Judge Robert M. Spector.(Perez, J.) (Entered: 05/10/2021) |
| 05/25/2021 | 9 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge Robert M. Spector on May 25, 2021. (Parrilla, Geraldo) (Entered: 05/25/2021) |
| 05/25/2021 | 10 | RECOMMENDED RULING: For the reasons set forth in the attached recommended ruling, the Court respectfully recommends that the Complaint (Doc. No. 1) be DISMISSED without prejudice. The plaintiff may file an Amended Complaint on or before JUNE 15, 2021. In the alternative, the plaintiff may file an objection to this recommended ruling. Any objections to this recommended ruling must be filed on or before June 14, 2021.<br>Signed by Judge Robert M. Spector on May 25, 2021.(Parrilla, Geraldo) (Entered: 05/25/2021) |
| 06/02/2021 | 11 | MOTION for Clarification 10 RECOMMENDED RULING by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 12 | OBJECTION to 10 Recommended Ruling filed by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 13 | SEALED MOTION for Leave to file under seal by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 14 | Sealed Document: Exhibits by Fernando G. Irazu re 13 SEALED MOTION for Leave to file under seal. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/04/2021 | 15 | Sealed Document: Exhibit D by Fernando G. Irazu re 12 Objection/Reply/Response to Recommended Ruling, 11 MOTION for Clarification 10 RECOMMENDED RULING. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I)(Imbriani, Susan) (Entered: 06/04/2021) |
| 06/15/2021 | 16 | ORDER denying as moot 4 Motion for Order; adopting 10 Recommended Ruling; denying as moot 11 Motion for Clarification; denying as moot 13 Sealed Motion. The Court adopts the 10 Recommended Ruling for the reasons stated in that ruling and, accordingly, orders the case dismissed without prejudice to Plaintiff filing an Amended Complaint, providing the level of detail recommended by Judge Spector in the Recommended Ruling, by **July 9, 2021**. As a result, the Court also **DENIES as moot** the pending 6 motion to participate in electronic filing; 10 motion for clarification and objection; and 13 sealed motion. Signed by Judge Victor A. Bolden on 06/15/2021. (Millat, C.) (Entered: 06/15/2021) |
| 06/16/2021 | | Set Deadlines: Amended Pleadings due by 7/9/2021 or Dismissal. (Perez, J.) (Entered: 06/16/2021) |

SA - 4

| 06/21/2021 | 17 | AMENDED COMPLAINT against Kevin F. Collins, Margarita Oliva Sainz De Aja, Jeffrey A. Diamond, filed by Fernando G. Irazu. (Attachments: # 1 Exhibit)(Imbriani, Susan) (Entered: 06/21/2021) |
|---|---|---|
| 02/15/2022 | 18 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for review of 17 AMENDED COMPLAINT. Signed by Judge Victor A. Bolden on 2/15/2022.(Perez, J.) (Entered: 02/15/2022) |
| 03/08/2022 | 19 | RECOMMENDED RULING on the 17 Amended Complaint filed by Fernando G. Irazu: The Court respectfully recommends dismissal with prejudice of the plaintiff's claims against all defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). 14 Pages. Objections due by 3/22/2022 Signed by Judge Robert M. Spector on 03/08/2022.(Kim, Jiwon) (Entered: 03/08/2022) |
| 03/14/2022 | 20 | OBJECTION to 19 Recommended Ruling filed by Fernando G. Irazu. (Imbriani, Susan) Modified on 3/24/2022 as to title of document (Imbriani, Susan). (Entered: 03/14/2022) |
| 03/14/2022 | 21 | NOTICE of Change of Address by Fernando G. Irazu. (Fanelle, N.) (Entered: 03/14/2022) |
| 03/14/2022 | 23 | MOTION for Order by Fernando G. Irazu. (Imbriani, Susan) (Entered: 03/24/2022) |
| 03/15/2022 | 22 | ORDER Returning Submission as Deficient: Received via Faxe: Plaintiff's Motion for Order and Objections returned to Fernando Irazu as to Fernando G. Irazu. Signed by Judge Victor A. Bolden on 3/15/2022.(Murphy, Tatihana) (Entered: 03/17/2022) |
| 08/22/2022 | 24 | MOTION to Disqualify Judges by Fernando G. Irazu. (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 08/22/2022) |
| 08/22/2022 | 25 | MOTION to participate in electronic filing by Fernando G. Irazu.Responses due by 9/12/2022 (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 08/22/2022) |
| 12/22/2022 | 26 | ORDER denying 24 Motion to Transfer/Disqualify/Recuse Judge. For the reasons explained in the attached ruling and order, Mr. Irazu's motion to recuse is **DENIED**. Signed by Judge Victor A. Bolden on 12/22/2022. (Bartlett, H) (Entered: 12/22/2022) |
| 12/22/2022 | 27 | ORDER adopting 19 Recommended Ruling; finding as moot 23 Motion for Order; finding as moot 25 Motion. On June 15, 2021, this Court adopted Judge Spector's 10 recommended ruling dismissing Mr. Irazu's original Complaint without prejudice because Mr. Irazu alleged "a [Section] 1983 claim against private citizens that were not acting under color of state law." Ruling Recommending Dismissal at 3, ECF No. 10. Thereafter, Mr. Irazu filed an Amended Complaint that included an additional Defendant, Jeffrey A. Diamond ("Mr. Diamond"), who allegedly is "the Family Caseflow Coordinator at the Superior District Court of Stamford/Norwalk." Am. Compl. at 3, ECF No. 17. On March 8, 2022, Judge Spector recommended that Mr. Irazu's Amended Complaint be dismissed with prejudice because Mr. Diamond is immune from suit and, even if he were not, Mr. Irazu failed to state a claim. *See* Recommended Ruling, ECF No. 19. |

SA - 5

In response, Mr. Irazu filed an objection to Judge Spector's 19 ruling recommending that this Court dismisses the Amended Complaint. *See* ECF No. 20 . Mr. Irazu raises four legal arguments as the basis for his objection: First, Mr. Irazu argues that Judge Spector's recommended ruling failed to "entertain all valid jurisdictional grounds... without any exclusive need for a 42 U.S.C. § 1983 claim." *See* Obj. at 7, ECF No. 20. Second, Mr. Irazu argues that judicial clerks, such as Mr. Diamond, "do not enjoy absolute immunity for their behavior under federal law, as much as judges acting without jurisdiction and/or knowingly and willingly engaging in or condoning criminal activity through their performance and rulings." *Id.* Third, Mr. Irazu argues that there have been "undue delays in this process" which were "known by and validated before the Court via proper evidence." *Id.* Finally, Mr. Irazu argues that the Court should not have recommended that the Amended Complaint be dismissed with prejudice because he "complied with the terms of" the Court's prior ruling dismissing his original Complaint. *Id.*

Mr. Irazu's Amended Complaint alleges that Defendants, one of whom is a state official and the rest of whom are private citizens, violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Am. Compl. at 67. As addressed in Judge Spector's recommended ruling, "Section 1983... protects rights established by the Constitution and laws of the United States" and therefore, Mr. Irazu "must allege all elements of a constitutional or statutory claim upon which the Section 1983 claim is based." *See* Ruling Recommending Dismissal at 5, ECF No. 19; *see also* 42 U.S.C. § 1983 ("Every person who, under color of [law], subjects... any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.").

Mr. Irazu's Section 1983 claims fail because, as was thoroughly addressed in Judge Spector's recommended ruling, Mr. Diamond is immune from suit in his official capacity under the Eleventh Amendment and in his individual capacity based on absolute quasi-judicial immunity. *See* Recommended Ruling at 79, ECF No. 19. Even if Mr. Diamond was not immune from suit, Mr. Irazu has failed to plead sufficient facts to show that Mr. Diamond acted in concert with the private citizen Defendants such that they may be held liable under Section 1983. *See* Ruling Recommending Dismissal at 1013, ECF No. 19. In light of Mr. Diamond's immunity from suit, it would be futile to allow Mr. Irazu leave to amend the Complaint a second time. *See Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded.... The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Accordingly, the Court **ADOPTS** Judge Spector's 19 recommended ruling in full, over Mr. Irazu's objection, for the reasons stated in that ruling, and orders the case **DISMISSED with prejudice**.

As a result, the Court also **DENIES as moot** the pending 25 motion to participate in electronic filing; and 23 motion for order.

| | | |
|---|---|---|
| | | The Clerk of Court is respectfully directed to close the case.<br><br>Signed by Judge Victor A. Bolden on 12/22/2022. (Bartlett, H) (Entered: 12/22/2022) |
| 01/17/2023 | 28 | MOTION for Relief pursuant to Rule 60(a)(b) re 27 Order on Recommended Ruling, Order on Motion for Order, by Fernando G. Irazu.Responses due by 2/7/2023 (Attachments: # 1 Memorandum in Support, # 2 envelope)(Imbriani, Susan) (Entered: 01/17/2023) |
| 01/17/2023 | 29 | MOTION to Amend/Correct and Make Additional Findings Pursuant to Rule 52(b) re: 27 Order on Recommended Ruling, Order on Motion for Order, Order on Motion for Miscellaneous Relief, by Fernando G. Irazu.Responses due by 2/7/2023 (Attachments: # 1 Memorandum in Support)(Imbriani, Susan) (Entered: 01/17/2023) |
| 01/17/2023 | 30 | MOTION for pro se plaintiff to be allowed to e-file by Fernando G. Irazu.Responses due by 2/7/2023 (Imbriani, Susan) (Entered: 01/17/2023) |
| 04/07/2023 | 31 | ORDER denying 28 Motion for Reconsideration; denying 29 Motion to Amend/Correct; denying 30 Motion.<br><br>For the reasons described in the attached ruling and order, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.<br><br>This case remains closed and therefore, Mr. Irazu's motion to participate in e-filing is **DENIED as moot**.<br><br>Signed by Judge Victor A. Bolden on 4/7/2023. (Bartlett, H) (Entered: 04/07/2023) |
| 04/24/2023 | 32 | NOTICE OF APPEAL as to 27 Order on Recommended Ruling, Order on Motion for Order, Order on Motion for Miscellaneous Relief, 8 Order Referring Case to Magistrate Judge, 26 Order on Motion to Transfer/Disqualify/Recuse Judge, 31 Order on Motion for Miscellaneous Relief, Order on Motion to Amend/Correct, 16 Order on Motion for Order, Order on Recommended Ruling, Order on Motion for Clarification, Order on Sealed Motion, 18 Order Referring Case to Magistrate Judge, 10 Recommended Ruling, 19 Recommended Ruling by Fernando G. Irazu. (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 04/24/2023) |

SA - 7

APPEAL,CLOSED,EFILE,MOTREF,PROSE,RMS

**U.S. District Court**
**District of Connecticut (New Haven)**
**CIVIL DOCKET FOR CASE #: 3:21−cv−00618−VAB**
*Internal Use Only*


Irazu v. Sainz De Aja et al
Assigned to: Judge Victor A. Bolden
Referred to: Judge Robert M. Spector
Cause: 42:1983 Civil Rights Act

Date Filed: 05/05/2021
Date Terminated: 12/22/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Fernando G. Irazu**

represented by **Fernando G. Irazu**
Billinghurst 1656, 2 A
Buenos Aires 1425
AR
+5411 4824−1067
Email: fgirazu@gmail.com
PRO SE

V.

**Defendant**

**Margarita Oliva Sainz De Aja**

**Defendant**

**Kevin F. Collins**

**Defendant**

**Jeffrey A. Diamond**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/05/2021 | 1 | COMPLAINT against Kevin F. Collins, Margarita Oliva Sainz De Aja, filed by Fernando G. Irazu. (Attachments: # 1 Exhibts)(Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 2 | MOTION for Leave to Proceed in forma pauperis by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 3 | Consent to Electronic Notice by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 4 | MOTION By Self−Represented Litigant to Participate in Electronic Filing by Fernando G. Irazu. (Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 5 | Order on Pretrial Deadlines: Amended Pleadings due by 7/4/2021. Discovery due by 11/4/2021. Dispositive Motions due by 12/9/2021. Signed by Clerk on 05/5/2021.(Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 6 | ELECTRONIC FILING ORDER FOR COUNSEL − PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Victor A. Bolden on 05/5/2021.(Fazekas, J.) (Entered: 05/05/2021) |
| 05/05/2021 | 7 | STANDING PROTECTIVE ORDER Signed by Judge Victor A. Bolden on 05/5/2021.(Fazekas, J.) (Entered: 05/05/2021) |
| 05/10/2021 | 8 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for initial review of the Complaint 1 pursuant to 28 USC § 1915 and 2 MOTION for Leave to Proceed in forma pauperis. Signed by Judge Victor A. Bolden on 5/10/2021. Motions referred to Judge Robert M. Spector.(Perez, J.) (Entered: 05/10/2021) |

| 05/25/2021 | 9 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Judge Robert M. Spector on May 25, 2021. (Parrilla, Geraldo) (Entered: 05/25/2021) |
|---|---|---|
| 05/25/2021 | 10 | RECOMMENDED RULING: For the reasons set forth in the attached recommended ruling, the Court respectfully recommends that the Complaint (Doc. No. 1) be DISMISSED without prejudice. The plaintiff may file an Amended Complaint on or before JUNE 15, 2021. In the alternative, the plaintiff may file an objection to this recommended ruling. Any objections to this recommended ruling must be filed on or before June 14, 2021.<br>Signed by Judge Robert M. Spector on May 25, 2021.(Parrilla, Geraldo) (Entered: 05/25/2021) |
| 06/02/2021 | 11 | MOTION for Clarification 10 RECOMMENDED RULING by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 12 | OBJECTION to 10 Recommended Ruling filed by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 13 | SEALED MOTION for Leave to file under seal by Fernando G. Irazu. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/02/2021 | 14 | Sealed Document: Exhibits by Fernando G. Irazu re 13 SEALED MOTION for Leave to file under seal. (Imbriani, Susan) (Entered: 06/02/2021) |
| 06/04/2021 | 15 | Sealed Document: Exhibit D by Fernando G. Irazu re 12 Objection/Reply/Response to Recommended Ruling, 11 MOTION for Clarification 10 RECOMMENDED RULING. (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G, # 4 Exhibit H, # 5 Exhibit I)(Imbriani, Susan) (Entered: 06/04/2021) |
| 06/15/2021 | 16 | ORDER denying as moot 4 Motion for Order; adopting 10 Recommended Ruling; denying as moot 11 Motion for Clarification; denying as moot 13 Sealed Motion. The Court adopts the 10 Recommended Ruling for the reasons stated in that ruling and, accordingly, orders the case dismissed without prejudice to Plaintiff filing an Amended Complaint, providing the level of detail recommended by Judge Spector in the Recommended Ruling, by **July 9, 2021**. As a result, the Court also **DENIES as moot** the pending 6 motion to participate in electronic filing; 10 motion for clarification and objection; and 13 sealed motion. Signed by Judge Victor A. Bolden on 06/15/2021. (Millat, C.) (Entered: 06/15/2021) |
| 06/16/2021 | | Set Deadlines: Amended Pleadings due by 7/9/2021 or Dismissal. (Perez, J.) (Entered: 06/16/2021) |
| 06/21/2021 | 17 | AMENDED COMPLAINT against Kevin F. Collins, Margarita Oliva Sainz De Aja, Jeffrey A. Diamond, filed by Fernando G. Irazu. (Attachments: # 1 Exhibit)(Imbriani, Susan) (Entered: 06/21/2021) |
| 02/15/2022 | 18 | ORDER REFERRING CASE to Magistrate Judge Robert M. Spector for review of 17 AMENDED COMPLAINT.<br>Signed by Judge Victor A. Bolden on 2/15/2022.(Perez, J.) (Entered: 02/15/2022) |
| 03/08/2022 | 19 | RECOMMENDED RULING on the 17 Amended Complaint filed by Fernando G. Irazu: The Court respectfully recommends dismissal with prejudice of the plaintiff's claims against all defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). 14 Pages. Objections due by 3/22/2022<br>Signed by Judge Robert M. Spector on 03/08/2022.(Kim, Jiwon) (Entered: 03/08/2022) |
| 03/14/2022 | 20 | OBJECTION to 19 Recommended Ruling filed by Fernando G. Irazu. (Imbriani, Susan) Modified on 3/24/2022 as to title of document (Imbriani, Susan). (Entered: 03/14/2022) |
| 03/14/2022 | 21 | NOTICE of Change of Address by Fernando G. Irazu. (Fanelle, N.) (Entered: 03/14/2022) |
| 03/14/2022 | 23 | MOTION for Order by Fernando G. Irazu. (Imbriani, Susan) (Entered: 03/24/2022) |
| 03/15/2022 | 22 | ORDER Returning Submission as Deficient: Received via Faxe: Plaintiff's Motion for Order and Objections returned to Fernando Irazu as to Fernando G. Irazu.<br>Signed by Judge Victor A. Bolden on 3/15/2022.(Murphy, Tatihana) (Entered: |

| | | 03/17/2022) |
|---|---|---|
| 08/22/2022 | 24 | MOTION to Disqualify Judges by Fernando G. Irazu. (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 08/22/2022) |
| 08/22/2022 | 25 | MOTION to participate in electronic filing by Fernando G. Irazu.Responses due by 9/12/2022 (Attachments: # 1 envelope)(Imbriani, Susan) (Entered: 08/22/2022) |
| 12/22/2022 | 26 | ORDER denying 24 Motion to Transfer/Disqualify/Recuse Judge.<br><br>For the reasons explained in the attached ruling and order, Mr. Irazu's motion to recuse is **DENIED**.<br><br>Signed by Judge Victor A. Bolden on 12/22/2022. (Bartlett, H) (Entered: 12/22/2022) |
| 12/22/2022 | 27 | ORDER adopting 19 Recommended Ruling; finding as moot 23 Motion for Order; finding as moot 25 Motion.<br><br>On June 15, 2021, this Court adopted Judge Spector's 10 recommended ruling dismissing Mr. Irazu's original Complaint without prejudice because Mr. Irazu alleged "a [Section] 1983 claim against private citizens that were not acting under color of state law." Ruling Recommending Dismissal at 3, ECF No. 10. Thereafter, Mr. Irazu filed an Amended Complaint that included an additional Defendant, Jeffrey A. Diamond ("Mr. Diamond"), who allegedly is "the Family Caseflow Coordinator at the Superior District Court of Stamford/Norwalk." Am. Compl. at 3, ECF No. 17. On March 8, 2022, Judge Spector recommended that Mr. Irazu's Amended Complaint be dismissed with prejudice because Mr. Diamond is immune from suit and, even if he were not, Mr. Irazu failed to state a claim. *See* Recommended Ruling, ECF No. 19.<br><br>In response, Mr. Irazu filed an objection to Judge Spector's 19 ruling recommending that this Court dismisses the Amended Complaint. *See* ECF No. 20 . Mr. Irazu raises four legal arguments as the basis for his objection: First, Mr. Irazu argues that Judge Spector's recommended ruling failed to "entertain all valid jurisdictional grounds... without any exclusive need for a 42 U.S.C. § 1983 claim." *See* Obj. at 7, ECF No. 20. Second, Mr. Irazu argues that judicial clerks, such as Mr. Diamond, "do not enjoy absolute immunity for their behavior under federal law, as much as judges acting without jurisdiction and/or knowingly and willingly engaging in or condoning criminal activity through their performance and rulings." *Id.* Third, Mr. Irazu argues that there have been "undue delays in this process" which were "known by and validated before the Court via proper evidence." *Id.* Finally, Mr. Irazu argues that the Court should not have recommended that the Amended Complaint be dismissed with prejudice because he "complied with the terms of" the Court's prior ruling dismissing his original Complaint. *Id.*<br><br>Mr. Irazu's Amended Complaint alleges that Defendants, one of whom is a state official and the rest of whom are private citizens, violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Am. Compl. at 67. As addressed in Judge Spector's recommended ruling, "Section 1983... protects rights established by the Constitution and laws of the United States" and therefore, Mr. Irazu "must allege all elements of a constitutional or statutory claim upon which the Section 1983 claim is based." *See* Ruling Recommending Dismissal at 5, ECF No. 19; *see also* 42 U.S.C. § 1983 ("Every person who, under color of [law], subjects... any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.").<br><br>Mr. Irazu's Section 1983 claims fail because, as was thoroughly addressed in Judge Spector's recommended ruling, Mr. Diamond is immune from suit in his official capacity under the Eleventh Amendment and in his individual capacity based on absolute quasi–judicial immunity. *See* Recommended Ruling at 79, ECF No. 19. Even if Mr. Diamond was not immune from suit, Mr. Irazu has failed to plead sufficient facts to show that Mr. Diamond acted in concert with the private citizen Defendants such that they may be held liable under Section 1983. *See* Ruling Recommending Dismissal at 1013, ECF No. 19. In light of Mr. Diamond's immunity from suit, it would be futile to allow Mr. Irazu leave to amend the Complaint a second time. *See* |

*Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded.... The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Accordingly, the Court **ADOPTS** Judge Spector's <u>19</u> recommended ruling in full, over Mr. Irazu's objection, for the reasons stated in that ruling, and orders the case **DISMISSED with prejudice**.

As a result, the Court also **DENIES as moot** the pending <u>25</u> motion to participate in electronic filing; and <u>23</u> motion for order.

The Clerk of Court is respectfully directed to close the case.

Signed by Judge Victor A. Bolden on 12/22/2022. (Bartlett, H) (Entered: 12/22/2022)

| | | |
|---|---|---|
| 01/17/2023 | <u>28</u> | MOTION for Relief pursuant to Rule 60(a)(b) re 27 Order on Recommended Ruling, Order on Motion for Order, by Fernando G. Irazu.Responses due 2/7/2023 (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> envelope)(Imbriani, Susan) (Entered: 01/17/2023) |
| 01/17/2023 | <u>29</u> | MOTION to Amend/Correct and Make Additional Findings Pursuant to Rule 52(b) re: 27 Order on Recommended Ruling, Order on Motion for Order, Order on Motion for Miscellaneous Relief, by Fernando G. Irazu.Responses due 2/7/2023 (Attachments: # <u>1</u> Memorandum in Support)(Imbriani, Susan) (Entered: 01/17/2023) |
| 01/17/2023 | <u>30</u> | MOTION for pro se plaintiff to be allowed to e–file by Fernando G. Irazu.Responses due 2/7/2023 (Imbriani, Susan) (Entered: 01/17/2023) |
| 04/07/2023 | <u>31</u> | ORDER denying <u>28</u> Motion for Reconsideration; denying <u>29</u> Motion to Amend/Correct; denying <u>30</u> Motion.<br><br>For the reasons described in the attached ruling and order, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.<br><br>This case remains closed and therefore, Mr. Irazu's motion to participate in e–filing is **DENIED as moot**.<br><br>Signed by Judge Victor A. Bolden on 4/7/2023. (Bartlett, H) (Entered: 04/07/2023) |
| 04/24/2023 | <u>32</u> | NOTICE OF APPEAL as to 27 Order on Recommended Ruling, Order on Motion for Order, Order on Motion for Miscellaneous Relief, 8 Order Referring Case to Magistrate Judge, <u>26</u> Order on Motion to Transfer/Disqualify/Recuse Judge, <u>31</u> Order on Motion for Miscellaneous Relief, Order on Motion to Amend/Correct, 16 Order on Motion for Order, Order on Recommended Ruling, Order on Motion for Clarification, Order on Sealed Motion, 18 Order Referring Case to Magistrate Judge, <u>10</u> Recommended Ruling, <u>19</u> Recommended Ruling by Fernando G. Irazu. (Attachments: # <u>1</u> envelope)(Imbriani, Susan) (Entered: 04/24/2023) |
| 04/24/2023 | <u>33</u> | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: <u>32</u> Notice of Appeal,,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Imbriani, Susan) (Entered: 04/24/2023) |

## CA02db Intake

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Monday, April 24, 2023 2:41 PM |
| **To:** | CTD CMECF |
| **Subject:** | Activity in Case 3:21-cv-00618-VAB Irazu v. Sainz De Aja et al Clerk's Certificate re: Notice of Appeal |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 4/24/2023 at 2:40 PM EDT and filed on 4/24/2023

| | |
|---|---|
| **Case Name:** | Irazu v. Sainz De Aja et al |
| **Case Number:** | 3:21-cv-00618-VAB |
| **Filer:** | |

**WARNING: CASE CLOSED on 12/22/2022**

**Document Number:** 33

**Docket Text:**

**CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: [32] Notice of Appeal,,. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None (Imbriani, Susan)**

**3:21-cv-00618-VAB Notice has been electronically mailed to:**

Fernando G. Irazu    fgirazu@gmail.com

**3:21-cv-00618-VAB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=4/24/2023] [FileNumber=7456716-0

1

SA - 12

] [2214de2a4926704893c26eca66effe541bfb84b9f7f53fd7fed89b300fd81d5cac8
8e87bbc7678a7f97c4091242ca2bfa7df3991886b0da7e90ba64735de2715]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------x
                                             :
FERNANDO G. IRAZU                            :         3:21 CV 618 (VAB)
    Plaintiff                                :
                                             :
v.                                           :
                                             :
MARGARITA OLIVIA SAINZ                       :
DE AJA AND                                   :
KEVIN F. COLLINS                             :         MAY 25, 2021
    Defendants                               :
---------------------------------------------x
```

RULING ON THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
*IN FORMA PAUPERIS* AND RULING RECOMMENDING DISMISSAL

On May 5, 2021, the plaintiff Fernando Irazu commenced this action, *pro se*, against Margarita Olivia Sainz De Aja and Kevin F. Collins, alleging, pursuant to 42 U.S.C. § 1983, that the defendants violated his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights when they defamed, threatened, extorted, and made false criminal allegations against him. (Doc. No. 1 at 5-9). That same day, the plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. No. 2). On May 10, 2021, United States District Court Judge Victor A. Bolden referred to the undersigned the plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and the initial review of the Complaint pursuant to 28 U.S.C. § 1915. (Doc. No. 8).

I.      LEGAL STANDARD

Section 1915 provides, in relevant part:

[A]ny court of the United States may authorize the commencement of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

II.    FINANCIAL AFFIDAVIT

Turning to the first step in the two-step process of review, the Court concludes that the plaintiff has established indigency. (*See* Doc. No. 2). The court determines whether an applicant is indigent by reviewing the applicant's assets and expenses as stated on a declaration submitted with the motion to proceed *in forma pauperis*. The plaintiff, through his financial affidavit and the attachments therein, has demonstrated to the Court an inability to pay for the commencement of this action. Accordingly, the plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED.

III.    MERITS OF THE COMPLAINT

Turning next to the merits of the Complaint, the Court recommends that this matter be dismissed without prejudice because the plaintiff fails to state a claim upon which relief can be granted.

The plaintiff makes a number of allegations regarding the defendants' improprieties arising out of the October 1, 2009 divorce proceedings between him and Ms. Sainz De Aja. (Doc. No. 1 at 9). The gravamen of the plaintiff's complaint is that the defendants, through defamatory, vexatious, abusive, unethical, and fraudulent actions, destroyed his career, reputation, finances, mental health, and relationship with his children, in deprivation of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights.

In Count One, the plaintiff asserts that the defendants "knowingly and willfully" breached the provision of their court-mandated divorce stipulation that required Ms. Sainz De Aja to list their home for sale at its then fair market value. (Doc. No. 1 at 38-39). As a result of the defendants' alleged breach, the plaintiff claims that he suffered a financial loss "in the range of $1,000,000." (Doc. No. 1 at 40).

In Count Two, the plaintiff alleges that he was subjected to "relentless legal and non-legal attacks from the other side for more than a decade in both the [United States] and Europe, within civil and criminal proceedings plagued by unethical and illegal behavior." (*Id.*). To that end, the plaintiff maintains that Mr. Collins, Ms. Sanz De Aja's attorney since 2010, used his leverage and influence improperly to weaponize the court system against him. (Doc. No. 1 at 3, 41-42). The plaintiff alleges further that the vexatious and defamatory litigation that the defendants subjected him to resulted in "the relationship with his children being curtailed . . . his professional career being decimated and his employment terminated . . . as well as suitable employment opportunities being ruined because of the remnants of this overall ignominy." (*Id.*). With respect to those alleged improprieties, the plaintiff estimates that he is entitled to damages "in the range of $5,000,000." (Doc. No. 1 at 43).

The Court recommends dismissal of the plaintiff's Complaint because the plaintiff brings forth a § 1983 claim against private citizens that were not acting under color of state law. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. . . . [A] litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes state action." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (internal citations and quotation marks omitted). As stated previously, the basis of the plaintiff's claims is that the defendants,

through fraud, gamesmanship, defamation, and unethical conduct, deprived him of his constitutional rights. Because neither defendant is a state actor, a fact that the plaintiff makes clear on the face of his Complaint (*see* Doc. No. 1 at 3), the plaintiff must show that the defendants acted in concert with state officials in order to maintain his § 1983 claim. *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.").

In the underlying facts section of his Complaint, the plaintiff alludes to "multiple illegalities from the Greenwich Police Department as well as others within the State of Connecticut." (Doc. No. 1 at 9). Read liberally, the plaintiff's Complaint suggests—albeit vaguely—that the defendants operated in concert with unnamed state actors and, accordingly, acted under color of state law in depriving him of his constitutional rights.[1] The nucleus of the plaintiff's claims, however, does not allege that the defendants participated in joint activity with state actors to deprive him of his rights. Rather, the plaintiff maintains that the defendants' joint activity, *i.e.* breaching the divorce stipulation, commencing vexatious litigation, and defaming him, "perverted the legal process to their own illegal benefit" and caused the damages of which he complains. (Doc. No. 1 at 43).

When evaluating whether a private party acted in concert with the state or its actors in violation of a constitutional right, "the question is whether the conduct allegedly causing the

---

[1] The plaintiff does, however, allege that the Caseflow coordinator for the Connecticut Superior Court Stamford/Norwalk Judicial District, Mr. Diamond, used his function with the court to give the defendants "an illegitimate advantage insofar as delaying, precluding and obstructing justice. . . ." (Doc. No. 1 at 42). Short of that conclusory allegation, the plaintiff offers no factual basis in support of his claim that the defendants worked jointly with the State or its agents to engage in unlawful conduct. Nor does the plaintiff allege clearly what constitutional rights, if any, he was deprived of as a result of the "illegitimate advantage" that Mr. Diamond gave the defendants. Such vague and conclusory allegations are insufficient to maintain a claim under § 1983. *See Zemsky v. City of New York*, 821 F.2d 148, 151-52 (2d Cir. 1987) (dismissing plaintiff's § 1983 claim for vague and unsupported allegations as to relationship between defendant and municipal actors).

deprivation of a federal right [can] be fairly attributable to the State." *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 199 (1988) (citation and internal quotation marks omitted). Here, the plaintiff makes no substantive representations that the defendants participated jointly with state actors to deprive him of his constitutional rights. Consequently, the plaintiff's claims fail to allege that the defendants acted under color of state law and, therefore, are not viable pursuant to § 1983.

IV.    CONCLUSION

For the reasons stated above, the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED, but the Court respectfully recommends that the plaintiff's Complaint be dismissed without prejudice.

**If the plaintiff wishes to pursue his claim under § 1983, he must file an amended complaint that sets forth facts in support of his contention that the defendants acted in concert with state actors in depriving him of his constitutional rights, on or before JUNE 15, 2020. Any amended complaint must comply with the Federal and Local Rules of Civil Procedure. The amended complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.**

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file

timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated at New Haven, this 25th day of May, 2021.

/s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------x
                                         :
Fernando G. IRAZU,                       :        3:21 CV 618 (VAB)
  Plaintiff                              :
                                         :
v.                                       :
                                         :
Margarita OLIVA SAINZ DE AJA,            :        MARCH 8, 2022
Kevin F. COLLINS, and                    :
Jeffrey A. DIAMOND                       :
  Defendants                             :
-----------------------------------------x
```

<u>RULING RECOMMENDING DISMISSAL</u>

On May 5, 2021, plaintiff Fernando Irazu commenced this action, *pro se*, against Margarita Oliva Sainz De Aja ("Oliva Sainz De Aja"), the plaintiff's former wife, and Kevin F. Collins ("Collins"), defendant Oliva Sainz De Aja's divorce attorney, alleging, pursuant to 42 U.S.C. § 1983: (1) an "ongoing attempt to illegally appropriate [the plaintiff's] entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties"; and (2) "plain abusive, vexatious and unethical dealings before local and international courts, when not criminal conduct per federal normative." (Doc. No. 1 at 5).

On May 25, 2021, following a referral from the Court (Bolden, J.) (*see* Doc. No. 8), the undersigned issued a Ruling on the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Ruling Recommending Dismissal (Doc. Nos. 9-10 ["May Recommended Ruling"]) in which the Court granted the plaintiff's *in forma pauperis* application and recommended dismissal of the plaintiff's claims without prejudice. (Doc. Nos. 9-10).

1

In the May Recommended Ruling, the Court discussed the plaintiff's theory that "the defendants, through defamatory, vexatious, abusive, unethical, and fraudulent actions, destroyed his career, reputation, finances, mental health, and relationship with his children, in deprivation of his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights." (Doc. No. 10 at 2). The Court then recommended dismissal without prejudice for failure to state a claim because the plaintiff "[brought] forth a [Section] 1983 claim against private citizens that were not acting under color of state law." (*Id.* at 3). Specifically, the Court reasoned:

> As stated previously, the basis of the plaintiff's claims is that the defendants, through fraud, gamesmanship, defamation, and unethical conduct, deprived him of his constitutional rights. Because neither defendant is a state actor, a fact that the plaintiff makes clear on the face of his Complaint, the plaintiff must show that the defendants acted in concert with state officials in order to maintain his [Section] 1983 claim. . . . In the underlying facts section of his Complaint, the plaintiff alludes to "multiple illegalities from the Greenwich Police Department as well as others within the State of Connecticut." Read liberally, the plaintiff's Complaint suggests—albeit vaguely—that the defendants operated in concert with unnamed state actors and, accordingly, acted under color of state law in depriving him of his constitutional rights. The nucleus of the plaintiff's claims, however, does not allege that the defendants participated in joint activity with state actors to deprive him of his rights. Rather, the plaintiff maintains that the defendants' joint activity, *i.e.* breaching the divorce stipulation, commencing vexatious litigation, and defaming him, "perverted the legal process to their own illegal benefit" and caused the damages of which he complains.

(*Id.* at 4 (internal citations omitted)). The Court thereby found that the plaintiff made "no substantive representations that the defendants participated jointly with state actors to deprive him of his constitutional rights," and as such, the plaintiff's claims under Section 1983 were not viable. (*Id.* at 5).

On June 2, 2021, the plaintiff filed three motions: a Motion for Clarification of the May Recommended Ruling (Doc. No. 11); an Objection to the May Recommended Ruling (Doc. No. 12); and a Motion for Leave to file under seal (Doc. No. 13). On June 15, 2021, the Court (Bolden,

J.) adopted the May Recommended Ruling and denied the plaintiff's three motions as moot, stating in particular:

> The Court adopts the Recommended Ruling for the reasons stated in that ruling and, accordingly, orders the case dismissed without prejudice to Plaintiff filing an Amended Complaint, providing the level of detail recommended by Judge Spector in the Recommended Ruling, by **July 9, 2021**. As a result, the Court also **DENIES** as moot the pending motion to participate in electronic filing; motion for clarification and objection; and sealed motion.

(Doc. No. 16 (emphasis in original)). The case was dismissed without prejudice to the plaintiff filing an amended complaint. (*Id.*).

On June 21, 2021, the plaintiff filed an Amended Complaint, adding Jeffrey A. Diamond ("Diamond") as a defendant, in addition to Oliva Sainz De Aja and Collins. (Doc. No. 17). On February 15, 2022, the Court (Bolden, J.) referred review of the Amended Complaint to the undersigned. (Doc. No. 18).

For the reasons set forth below, the Court respectfully recommends dismissal with prejudice of the plaintiff's claims against all the defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

I.    LEGAL STANDARD

As the Court explained in the May Recommended Ruling, Section 1915 provides, in relevant part:

> [A]ny court of the United States may authorize the commencement of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted;

3

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

II.   MERITS OF THE AMENDED COMPLAINT

Turning to the merits of the Amended Complaint, the Court presumes familiarity with its May Recommended Ruling. In his Amended Complaint, the plaintiff asserts his claims under Section 1983 against the same defendants named in his Initial Complaint (Oliva Sainz De Aja and Collins) and names an additional defendant, Diamond, in his individual and official capacity. Diamond is "the Family Caseflow Coordinator in charge of scheduling judges for hearings on family matters, determining their availability and selection, as well as of managing motions for continuance and reviewing various motions, among other highly relevant functions in the ordinary function of the local legal system." (Doc. No. 17 at 1-2).

As explained in the May Recommended Ruling, the plaintiff brings suit under Section 1983 for allegations of "sustained abuse of process" regarding the defendants' actions pursuant to the October 1, 2009 divorce proceedings between the plaintiff and Oliva Sainz De Aja. (Doc. No. 1 at 9; Doc. No. 17 at 12). Specifically, the plaintiff claims that the defendants "have resorted to the local legal system . . . including in particular the State-Actor—with whom the Defendants acted in concert—, with the goal of benefiting themselves financially while infringing the Plaintiff's constitutional and civil rights as well as inflicting damage on his life." (Doc. No. 17 at 6). These infringements occurred during the "ongoing attempt to illegally appropriate the Plaintiff's entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties." (*Id.* at 7). The plaintiff makes several prayers for relief: "(i) For All Defendants to be permanently enjoined from engaging in the unlawful conduct described herein within and/or outside the legal system, as the case might be; (ii) For general, compensatory and punitive damages

4

in an amount according to proof; (iii) For pre and post-judgment interest on all damages as allowed by law; (iv) For attorney fees under existing law and costs of suit incurred herein; and (v) For such other and further relief as the Court may deem just and proper." (*Id.* at 51).

Section 1983 does not create a right in and of itself, but instead protects rights established by the Constitution and laws of the United States. *Bapat v. Conn. Dep't of Health Servs.*, 815 F. Supp. 525, 531 (D. Conn. 1992) (citing *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1979)). Therefore, any claims brough under Section 1983 must allege all elements of a constitutional or statutory claim upon which the Section 1983 claim is based. Here, the plaintiff's theory is that the First, Fourth, Fifth, Six, Eighth, Ninth, and Fourteenth Amendments are implicated.[1] (Doc. No. 17 at 7). In particular, the plaintiff alleges that his constitutional claims "pertain[] to due process violations and the Plaintiff's unequal treatment under the law before local courts." (*Id.* at 6).

For the foregoing reasons, the Court respectfully recommends that the Amended Complaint be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), for failure to state a claim.

## A.   THE ALLEGED CONSTITUTIONAL VIOLATIONS

The plaintiff's theory under Section 1983 is for violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment.[2] (Doc. No. 17 at 6-7). Specifically, the Amended Complaint alleges that  Diamond, in both his "individual and official capacity," (Doc. No. 17 at 3), violated the plaintiff's due process rights when he "sped up a civil process towards a divorce

---

[1] The plaintiff also alleges "abuse of process," (Doc. No. 17 at 39), but, given that abuse of process is a common law tort and not a constitutional or statutory violation, such an allegation does not fall under the purview of Section 1983.
[2] The plaintiff does not appear to allege facts supporting any theory that Diamond, as the state actor in the plaintiff's Section 1983 claims, violated the plaintiff's First, Fourth, Fifth, Sixth, Eighth, and Ninth Amendment. Instead, his constitutional claim appears to be brought under the Fourteenth Amendment for alleged violations of due process. (Doc. No. 17 at 6).

trial centered on false criminal allegations when the Plaintiff had no counsel by scheduling it within weeks, but delayed for months and years civil actions from [Oliva Sainz De Aja and Collins] or the Plaintiff if it was conducive to the other side's case and goals." (*Id.* at 39). The plaintiff also claims that Diamond was "screening and rejecting" his pleadings and "returning some of them by mail, even when those same motions had been reviewed and approved by a seasoned family law litigator of several decades before such same court." [3] (*Id.*).

## 1.    ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment provides immunity to a state's treasury against claims for monetary damages brought by private entities in federal courts. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). This immunity also extends beyond the state itself to state agents and instrumentalities that are "effectively, arms of a state." *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152-53 (2d Cir. 2013) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Stated differently, "a suit against a state official in [his] official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)

---

[3] The plaintiff appears to allege claims against several state court judges involving said judges' conduct during state court proceedings. To whatever extend this is true, this Court does not have subject matter jurisdiction over those claims under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). This doctrine precludes federal district courts from viewing final judgments from state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (barring federal district courts from deciding cases brought "by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."). Specifically, the *Rooker-Feldman* doctrine applies where the plaintiff "(1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered." *Chmura v. Norton, Hammersley, Lopez & Skokos PA*, No. 3:17-cv-2164 (MPS), 2018 U.S. Dist. LEXIS 78482, at *6 (D. Conn. May 9, 2018) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). The *Rooker-Feldman* doctrine relates to a district court's subject matter jurisdiction, *Lance v. Coffman*, 549 U.S. 437, 439 n.* (2007), and may be raised *sua sponte* by a court at any time. *Cruz v. Superior Court Judges*, No. 3:04CV1103(CFD), 2005 U.S. Dist. LEXIS 4543, at *17-18 (D. Conn. Mar. 21, 2005) (citing *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (holding that challenge under *Rooker-Feldman* doctrine goes to subject matter jurisdiction and may be raised *sua sponte* by the court)).

(citation omitted). This is because "[w]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945). Therefore, "[t]he Eleventh Amendment bars a damages action in federal court against . . . state . . . officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). Judicial employees, such as law clerks and legal secretaries like Diamond, are considered state officials whose official duties are immunized from claims under the Eleventh Amendment. *See e.g.*, *Casaburro v. Giuliani*, 986 F. Supp. 176, 182 (S.D.N.Y. 1997) (dismissing claims against state court clerk in official capacity suit on Eleventh Amendment grounds); *Davis v. New York*, No. 90-CV-6170, 1991 WL 156351, at *2 (S.D.N.Y. Aug. 6, 1991) (same), *aff'd*, 106 F. App'x 82 (2d Cir. 2004); *Caldwell v. James*, No. 14-CV-5384JSARL, 2015 WL 427980, at *3 (E.D.N.Y. Jan. 30, 2015) (same).

And while a state—and by extension, its officials—may be sued in federal court if that state waives its Eleventh Amendment immunity itself or if Congress has abrogated that state's Eleventh Amendment immunity, *see Mahon v. Diaz*, No. 15-CV-5757 (LAP), 2015 U.S. Dist. LEXIS 193837, at *7 (S.D.N.Y. Dec. 15, 2015) (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)), no such waiver or abrogation has occurred here. Critically, waiver *cannot* occur here. Waiver of Eleventh Amendment immunity has been found previously where a state voluntarily appeared in court to defend itself on the merits of the case. *See e.g., Gunter v. A. Coast Line R.R.*, 200 U.S. 273, 284 (1906). It should be noted, however, that Diamond has not appeared before this Court in this matter. And even if Diamond *did* appear to defend himself on the merits of the case,

this Court would still not have subject-matter jurisdiction over claims against Diamond in his official capacity because "Section 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192 (2d Cir. 2010) (citing *Quern v. Jordan*, 440 U.S. 332, 340-42 (1979)). This is to say that "there is no subject matter jurisdiction over Plaintiff's claims for monetary relief against the State defendants as the Supreme Court has stated that neither a State nor its officials acting in their official capacities are persons under [Section] 1983." *Casaburro*, 986 F. Supp. at 182 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) (internal quotations omitted). As such, the plaintiff cannot bring monetary claims under Section 1983 against Diamond in his official capacity.

Accordingly, the Court respectfully recommends that the plaintiff's monetary claims against Diamond in his official capacity be dismissed with prejudice, as any attempts to amend the Amended Complaint would be futile. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (giving courts authority to dismiss claims based on "an indisputably meritless legal theory"); *Seniw v. Town of Fairfield Police Dep't & John Doe*, No. 3:18CV00813(JCH), 2018 U.S. Dist. LEXIS 220751, at *5 (D. Conn. July 2, 2018) (citing *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.")).

## 2. ABSOLUTE QUASI-JUDICIAL IMMUNITY

Nor can the plaintiff recover against Diamond in the individual capacity, as he is shielded by absolute quasi-judicial immunity. Individual capacity suits seek to "impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Here, however, Diamond enjoys absolute immunity from any claims under Section 1983 for acts performed "in a judicial capacity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Abrahams v. Appellate Div. of the Supreme Court*, 473 F. Supp. 2d 550, 564 (S.D.N.Y. 2006)

8

(citing *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997)). This is because, although Diamond is not a judge, judicial employees whose official duties are "integral to the judicial process" also enjoy absolute quasi-judicial immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (stating it is "well established that officials acting in a judicial capacity are entitled to absolute immunity against [Section] 1983 actions, and this immunity acts as a complete shield to claims for money damages"); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing Section 1983 claim against court clerk under doctrine of judicial immunity). Judicial employees whose acts are "of ministerial functions" are entitled to qualified immunity. *Wingate v. Quattrochi*, No. 14-CV-2666 ARR, 2014 WL 2091245, at *2 (E.D.N.Y. May 15, 2014) (citing *Rodriguez*, 116 F.3d at 66).

Determinations of whether absolute judicial or qualified immunity applies to a particular officer are based on a "functional" approach, insofar that "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988); *see also Bliven*, 579 F.3d at 210 (explaining, in suit against judge, that "[i]n employing this functional analysis, the Supreme Court generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature"). Here, a court has inherent power to control its docket as a part of its function in resolving disputes between parties, and as such, judicial employees advancing this function are afforded absolute immunity. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433-34 n.8 (1993). Moreover, courts have repeatedly found that actions related to scheduling and management of motion practice are shielded by absolute quasi-judicial immunity. *See e.g.*, *Peker v. Steglich*, 324 F. App'x 38, 39-40 (2d Cir. 2009) (finding that a judicial law clerk's "perform[ance of] a task that was basic and integral to the judicial function, namely the processing of an appeal," constitutes judicial, rather than ministerial, conduct); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525-26 (E.D.N.Y. 2010)

9

(granting immunity to Family Court clerk for claims arising out of his failure to process the plaintiff's motions); *Caldwell*, 2015 U.S. Dist. LEXIS 11868, at *8 (E.D.N.Y. Jan. 30, 2015) (granting immunity to chief clerks of state court for "'return[ing]' several unspecified 'motions'" where "such papers were 'never forwarded to the Judge's Chambers for consideration'"). As such, Diamond is entitled to absolute quasi-immunity for any monetary claims related to docket management, such as scheduling court appearances and processing of motion practice.

The plaintiff is similarly foreclosed from equitable relief against Diamond in his individual capacity. Under amendments to 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by Federal Courts Improvement Act of 1996, § 309(c), PUB. L. NO. 104-317, 110 STAT. 3847, 3853 (1996); *see also Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005); *McKnight*, 699 F. Supp. 2d at 524-25 (E.D.N.Y. 2010). Here, where the plaintiff alleges misconduct in Diamond's scheduling and docket management, the plaintiff could have sought declaratory relief in state court, but either failed to seek such relief or the request for that relief was denied. *See e.g., Bracci v. Becker*, No. 1:11-CV-1473 MAD/RFT, 2013 WL 123810, at *5 (N.D.N.Y. Jan. 9, 2013), *aff'd*, 568 F. App'x 13 (2d Cir. 2014) (finding equitable claims barred by judicial immunity where plaintiffs did not seek declaratory relief in state court and/or previous requests for such relief were denied). Therefore, the 1996 Amendments to Section 1983 bar the plaintiff's claims for injunctive relief against Diamond.

### 3. FAILURE TO STATE A CLAIM

Even if the claims against Diamond were not barred by the Eleventh Amendment and absolute quasi-judicial immunity, the plaintiff has still not stated a claim for which relief can be

10

granted under Section 1983. It is the plaintiff's duty—particularly here, where the plaintiff is a registered attorney[4]—to sufficiently plead enough facts to state a claim. Any valid claim must "raise a right to relief above the speculative level" by stating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see generally* FED. R. CIV. P. 8(a)(2). A claim is "facially plausible" where the factual content of said claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is not to say that a valid complaint requires "detailed factual allegations." *Twombly*, 550 U.S. at 570. However, the plaintiff must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). This is known as "fair notice," and is defined as notice "which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (additional citations and internal quotations omitted)).

---

[4] The plaintiff is "admitted to practice law in the State of New York, before the Supreme Court of Justice, and in Argentina." (Doc. Nos. 1 at 3, 17 at 3). While "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)), here, the plaintiff *is* a lawyer. "[T]he rules afforded *pro se* litigants are not relaxed when that litigant is also an attorney." *Sembler v. Attention Funding Tr.*, No. 07 CV 2493 (RJD)(LB), 2009 U.S. Dist. LEXIS 79323, at *4-5 (E.D.N.Y. Sep. 3, 2009) (quoting *Larsen v. JBC Legal Group, P.C.*, 533 F.Supp.2d 290, 295 n. 2 (E.D.N.Y. 2008)). This is to say that the Court will not construe the *pro se* attorney-plaintiff's pleadings liberally "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Leeds v. Meltz*, 898 F.Supp. 146, 149 (E.D.N.Y. 1995), *aff'd*, 85 F.3d 51 (2d Cir. 1996) (*pro se* attorney not entitled to the liberal reading normally afforded to *pro se* litigants); Gray v. City of N.Y., No. 10-CV-3039 (SLT)(CLP), 2014 U.S. Dist. LEXIS 202727, at *37 (E.D.N.Y. Feb. 24, 2014) (internal citation omitted) (holding that disbarred attorney-plaintiff "not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs"); *Moore v. City of New York*, No. 08-CV-2449 (RRM)(LB), 2011 WL 795103, at *1 (E.D.N.Y. Feb. 28, 2011) (same); *Heller v. Emanuel*, No. 07-CV-1393 (ARR), 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007) (same).

11

The plaintiff alleges that "[a]s objectively described per [Paragraphs] 25, 58-64, 78-81, and 107 above, the hearings of 7/11-13/2017 before *Judge Donna Heller* literally operated as a joint legal team between the State and Mr. Collins, while unsuccessfully trying to cover the formalities of an impartial process already destined to be *'resolved'* for Ms. Oliva." (Doc. No. 17 at 41 (emphasis in original)). On a generous reading of the Amended Complaint, the plaintiff has not alleged any facts that plausibly give rise to claim that Diamond—or any state actor, for that matter—worked in concert with Oliva Sainz De Aja and Collins to deprive the plaintiff of his constitutional rights. The plaintiff claims, in relevant part, that Collins "leverag[ed] his access and influence among key personnel of the local legal system, -needless to say acting in concert with and through [Diamond]-, including his personal knowledge of local judges and decades of experience before them." (*Id.* at 10). This included alleged attempts by Oliva Sainz De Aja and Collins to "preclude the Plaintiff from even making his case before the local court as well as to obtain an order for him not to appear in court ever again, all in concert with Mr. Diamond." (*Id.* at 31).

Here, the plaintiff has not alleged enough facts for the Court to reasonably infer that the defendants could be liable under Section 1983. The plaintiff must allege facts beyond "conclusory, vague, or general allegations" to assert the existence of an agreement to inflict a constitutional injury. *Ciambriello*, 292 F.3d at 324-25. But here, the plaintiff has not alleged *any* facts— circumstantial or otherwise—beyond his conclusory statements that the defendants worked "in concert," and thus cannot prevail on a claim for conspiracy under Section 1983. *See e.g.*, *Longi v. New York*, No. CV-02-5821 (SJF)(JO), 2006 WL 8441210, at *24 (E.D.N.Y. June 26, 2006), *aff'd*, 363 F. App'x 57 (2d Cir. 2010) (dismissing conspiracy claims under Section 1983 for failure to state a cause of action where plaintiffs merely alleged that private defendant and state-actor

defendant "met at an unspecified time and place" and "fail[ed] to allege that those parties actually agreed to inflict an unconstitutional injury upon plaintiffs, or that either party committed an overt act in furtherance of any such agreement."); *see also Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012) (stating that Section 1983 conspiracy claim against private individuals required more than "pleading simply, and in conclusory fashion that the defendant 'conspired' with state actors") (citing *Ciambriello*, 292 F.3d at 323).

Accordingly, because the Amended Complaint asserts no viable constitutional claim against a state actor, it suffers from the same deficiency as the Original Complaint. *See Flores v. Levy*, No. 07-CV-3753 JFB WDW, 2008 WL 4394681, at *8 (E.D.N.Y. Sept. 23, 2008) (holding that if plaintiff were allowed to go beyond pleading stage of litigation "simply by alleging in a conclusory fashion a 'conspiracy' between private actors and state actors, these private actors—including lawyers and witnesses—would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a 'plausible' conspiracy claim."). As a result, the Court must respectfully recommend that all the claims against all the defendants in the Amended Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

III.    CONCLUSION

For the reasons stated above, the Court recommends that Amended Complaint be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or

recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated at New Haven, this 8th day of March 2022.


/s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge

14

**ORDER adopting [19] Recommended Ruling; finding as moot [23] Motion for Order; finding as moot [25] Motion.**

On June 15, 2021, this Court adopted Judge Spector's [10] recommended ruling dismissing Mr. Irazu's original Complaint without prejudice because Mr. Irazu alleged "a [Section] 1983 claim against private citizens that were not acting under color of state law." Ruling Recommending Dismissal at 3, ECF No. 10. Thereafter, Mr. Irazu filed an Amended Complaint that included an additional Defendant, Jeffrey A. Diamond ("Mr. Diamond"), who allegedly is "the Family Caseflow Coordinator at the Superior District Court of Stamford/Norwalk." Am. Compl. at 3, ECF No. 17. On March 8, 2022, Judge Spector recommended that Mr. Irazu's Amended Complaint be dismissed with prejudice because Mr. Diamond is immune from suit and, even if he were not, Mr. Irazu failed to state a claim. *See* Recommended Ruling, ECF No. 19.

In response, Mr. Irazu filed an objection to Judge Spector's [19] ruling recommending that this Court dismisses the Amended Complaint. *See* ECF No. [20]. Mr. Irazu raises four legal arguments as the basis for his objection: First, Mr. Irazu argues that Judge Spector's recommended ruling failed to "entertain all valid jurisdictional grounds... without any exclusive need for a 42 U.S.C. § 1983 claim." *See* Obj. at 7, ECF No. 20. Second, Mr. Irazu argues that judicial clerks, such as Mr. Diamond, "do not enjoy absolute immunity for their behavior under federal law, as much as judges acting without jurisdiction and/or knowingly and willingly engaging in or condoning criminal activity through their performance and rulings." *Id.* Third, Mr. Irazu argues that there have been "undue delays in this process" which were "known by and validated before the Court via proper evidence." *Id.* Finally, Mr. Irazu argues that the Court should not have recommended that the Amended Complaint be dismissed with prejudice because he "complied with the terms of" the Court's prior ruling dismissing his original Complaint. *Id.*

Mr. Irazu's Amended Complaint alleges that Defendants, one of whom is a state official and the rest of whom are private citizens, violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. Am. Compl. at 67. As addressed in Judge Spector's recommended ruling, "Section 1983... protects rights established by the Constitution and laws of the United States" and therefore, Mr. Irazu "must allege all elements of a constitutional or statutory claim upon which the Section 1983 claim is based." *See* Ruling Recommending Dismissal at 5, ECF No. 19; *see also* 42 U.S.C. § 1983 ("Every person who, under color of [law], subjects... any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.").

Mr. Irazu's Section 1983 claims fail because, as was thoroughly addressed in Judge Spector's recommended ruling, Mr. Diamond is immune from suit in his official capacity under the Eleventh Amendment and in his individual capacity

based on absolute quasi-judicial immunity. *See* Recommended Ruling at 79, ECF No. 19. Even if Mr. Diamond was not immune from suit, Mr. Irazu has failed to plead sufficient facts to show that Mr. Diamond acted in concert with the private citizen Defendants such that they may be held liable under Section 1983. *See* Ruling Recommending Dismissal at 1013, ECF No. 19. In light of Mr. Diamond's immunity from suit, it would be futile to allow Mr. Irazu leave to amend the Complaint a second time. *See Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded.... The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Accordingly, the Court ADOPTS Judge Spector's [19] recommended ruling in full, over Mr. Irazu's objection, for the reasons stated in that ruling, and orders the case DISMISSED with prejudice.

As a result, the Court also DENIES as moot the pending [25] motion to participate in electronic filing; and [23] motion for order.

The Clerk of Court is respectfully directed to close the case.

Signed by Judge Victor A. Bolden on 12/22/2022. (Bartlett, H)

**3:21-cv-00618-VAB Notice has been electronically mailed to:**

Fernando G. Irazu      fgirazu@gmail.com

**3:21-cv-00618-VAB Notice has been delivered by other means to:**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

FERNANDO G. IRAZU,
    *Plaintiff*

    v.

MARGARITA OLIVA SAINZ DE AJA,
KEVIN F. COLLINS, and
JEFFREY A. DIAMOND,
    *Defendant*.

No. 3:21-cv-618 (VAB)

## RULING AND ORDER ON MOTION TO RECUSE

Fernando Irazu ("Plaintiff" or "Mr. Irazu") commenced this action *pro se* against Margarita Oliva Sainz De Aja ("Ms. Sainz De Aja"), Mr. Irazu's former wife; Kevin F. Collins ("Mr. Collins"), Ms. Sainz De Aja's divorce attorney; and Jeffrey A. Diamond ("Mr. Diamond"), a Family Caseflow Coordinator in charge of scheduling judges for family law hearings. Am. Compl., ECF No. 17 (June 21, 2021) ("Am. Compl."). Mr. Irazu alleges: (1) an "ongoing attempt to illegally appropriate [the plaintiff's] entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties"; and (2) "plain abusive, vexatious and unethical dealings before local and international courts, when not criminal conduct per federal normative." *See* Am. Compl. ¶ 14. On August 22, 2022, Mr. Irazu moved for recusal of this Court for alleged bias. *See* Pl.'s Mot. for Recusal, ECF No. 24 (Aug. 22, 2022) ("Mot. to Recuse").

For the following reasons, Mr. Irazu's motion to recuse is **DENIED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2021, Mr. Irazu filed a complaint against Ms. Sainz De Aja and Mr. Collins. Am. Compl. ¶¶ 2–5.

On May 5, 2021, Mr. Irazu filed a motion for leave to proceed *in forma pauperis*. *See* Mot. for Leave to Proceed, ECF No. 2.

On May 25, 2021, the Court granted Mr. Irazu's motion for leave to proceed *in forma pauperis*. *See* Order, ECF No. 9.

On May 25, 2021, Magistrate Judge Robert M. Spector issued a recommended ruling, which recommended that this case be dismissed without prejudice. *See* Rec. Ruling, ECF No. 10.

On June 2, 2021, Mr. Irazu filed a motion for clarification of the recommended ruling and an objection to the recommended ruling. *See* Mot. for Clarification, ECF No. 11 (June 2, 2021); Obj. to Rec. Ruling, ECF No. 12.

On June 15, 2021, this Court adopted Judge Spector's recommended ruling, denied Mr. Irazu's motion for clarification, and ordered the case dismissed without prejudice to Mr. Irazu filing an amended complaint by July 9, 2021. *See* Order, ECF No. 16.

On June 21, 2021, Mr. Irazu filed the Amended Complaint, which included Mr. Diamond as an additional defendant. *See* Am. Compl.

On March 8, 2022, Judge Spector issued a recommended ruling, which recommended that this case be dismissed with prejudice. *See* Rec. Ruling, ECF No. 19.

On March 14, 2022, Mr. Irazu filed an objection to the March 8, 2022 recommended ruling and a motion requesting the Court issue an order granting Mr. Irazu access to electronic filing and overruling the March 8, 2022 recommended ruling. *See* Obj. to Rec. Ruling, ECF No.

20; Mot. for Order, ECF No. 23. The Court returned the motion for order to Mr. Irazu because they were deficient. *See* Order, ECF No. 22.

On August 22, 2022, Mr. Irazu filed a motion for recusal and a motion to participate in electronic filings. *See* Mot. to Recuse; Mot. to Participate, ECF No. 25.

## I. DISCUSSION

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party . . . ." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455(b)(1) (requiring judges to disqualify themselves where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Such a motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (internal citation omitted).

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Id.* at 1312 (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

Mr. Irazu argues that there "is not reasonable explanation" for Judge Spector's May 25, 2021 recommended ruling, this Court's June 15, 2021 order adopting the May 2021

recommended ruling, and Judge Spector's March 8, 2022 recommended ruling, except for the alleged defamation of Mr. Irazu. *See* Mot. to Disqualify at 6–7. More specifically, Mr. Irazu contends that this Court and Judge Spector "have not applied the law impartially" because Mr. Irazu has allegedly been falsely accused of being "an Argentinean Nazi, anti-Semitic[,] or white supremacist . . . [and] falsely deemed as . . . an abuser of women and children." *Id.* at 9. Mr. Irazu contends that this Court has views that favor women and people of color, and that these views formed the basis of the rulings and order issued. *Id.* at 8. Mr. Irazu emphasizes that a "white and heterosexual father . . . with religious and/or secular beliefs not in sync with those of certain public officials can" be discriminated against. *Id.* at 10. Mr. Irazu also argues "[t]here is no sensible explanation for the rulings and dynamics described" except that this Court is not willing to adjudicate claims about "the performance of certain local officials" and Mr. Irazu is not the Court's "preferred plaintiff." *Id.*

The Court disagrees.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for disqualification."). Instead, if there is an issue with the underlying legal reasoning of a judicial ruling, this may be "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Even "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Here, the plaintiff simply quotes certain statements this Court made prior to joining the bench that women and people of color have faced challenges under the law. *See* Mot. for Recusal at 8. Mr. Irazu has failed to provide any evidence that could lead to the inference that this Court or Judge Spector exercised "deep-seated . . . antagonism" against Mr. Irazu due to his race, religion, or parental status. *See Liteky*, 510 U.S. at 555. Mr. Irazu complains that this Court is not willing to adjudicate claims about "the performance of certain local officials" and Mr. Irazu is not the Court's "preferred plaintiff," Mot. for Recusal at 10, simply takes issue with the underlying legal reasoning of a judicial ruling, which may be "proper grounds for appeal, [but] not for recusal." *Liteky*, 510 U.S. at 555.

As a result, as alleged, no "reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned." *Holt v. KMI Cont'l, Inc.*, 821 F. Supp. 846, 847 (D. Conn. 1993). Indeed, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312 (citations omitted).

Accordingly, the motion to recuse will be denied.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of December, 2022.

  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FERNANDO G. IRAZU,
    *Plaintiff*

    v.

MARGARITA OLIVA SAINZ DE AJA,
KEVIN F. COLLINS, and
JEFFREY A. DIAMOND,
    *Defendants*.

No. 3:21-cv-618 (VAB)

## RULING AND ORDER ON MOTION TO AMEND, MOTION FOR RECONSIDERATION, AND MOTION FOR E-FILING

Fernando Irazu ("Plaintiff" or "Mr. Irazu") commenced this action *pro se* against Margarita Oliva Sainz De Aja ("Ms. Sainz De Aja"), Mr. Irazu's former wife; Kevin F. Collins ("Mr. Collins"), Ms. Sainz De Aja's divorce attorney; and Jeffrey A. Diamond ("Mr. Diamond"), a Family Caseflow Coordinator in charge of scheduling judges for family law hearings. Am. Compl., ECF No. 17 (June 21, 2021) ("Am. Compl.").

Mr. Irazu alleged: (1) an "ongoing attempt to illegally appropriate [the plaintiff's] entire patrimony with fraudulent intent—against preexistent agreements and applicable law to the parties"; and (2) "plain abusive, vexatious and unethical dealings before local and international courts, when not criminal conduct per federal normative." *See* Am. Compl. ¶ 14.

On March 8, 2022, Magistrate Judge Spector issued a recommended ruling dismissing the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See* Recommended Ruling, ECF No. 19.

On December 22, 2022, this Court adopted Magistrate Judge Spector's recommended ruling over Mr. Irazu's objection. *See* Order, ECF No. 27.

1

On August 22, 2022, Mr. Irazu moved for recusal of this Court for alleged bias. *See* Pl.'s Mot. for Recusal, ECF No. 24 ("Mot. to Recuse"). On December 22, 2022, the Court denied this motion. *See* Order, ECF No. 26.

On January 17, 2023, Mr. Irazu filed a motion to amend or correct the Court's December 22, 2022 rulings under Federal Rule of Civil Procedure 52(b). *See* Mot. to Amend/Correct and Make Additional Findings, ECF No. 29 ("Mot. to Amend"). The same day, Mr. Irazu filed a motion for reconsideration under Federal Rule of Civil Procedure 60(a) and 60(b). *See* Mot. for Relief Pursuant to Rule 60(a) (b), ECF No. 28 ("Mot. for Reconsideration").

For the following reasons, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.

This case remains closed and therefore, Mr. Irazu's motion to participate in e-filing is **DENIED as moot**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual and procedural background of this case. *See generally* Order, ECF No. 26; Recommended Ruling, ECF No. 19.

## II.     STANDARD OF REVIEW

### a.   Rule 52(b)

Rule 52(b) permits a court, on a party's motion, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b). Under Rule 52(b), a party may "request clarification or supplementation of the facts found to aid the appellate court in understanding the factual issues at trial," even where the judgment will not be altered. *Hartford Roman Catholic Diocesan, Corp. v. Interstate Fire & Casualty Co.*, No. 3:12-cv-1641 (JBA), 2017 WL 3172536, at *1 (D. Conn. July 26, 2017) (internal quotation marks and

2

citation omitted); *Hollis v. City of Buffalo*, 189 F.R.D. 260, 262 (W.D.N.Y. 1999) ("Under Rule

52(b) a court may amend its findings of fact in order to . . . clarify the record for appeal.").

### b. Rule 60

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from

oversight or omission whenever one is found in a judgment, order, or other part of the record."

Fed. R. Civ. P. 60(a). Federal Rule of Civil Procedure 60(b) permits a movant, within one year of

the entry of the judgment, to avoid the effect of a final judgment on the following bases:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule
> 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)–(c).

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound

discretion' of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation

omitted). "Rule 60(b) provides extraordinary relief, and a motion thereunder may only be

granted upon a showing of exceptional circumstances." *Wilson v. Yale Univ.*, No. 3:15-cv-207

(RAR), 2018 WL 8335173, at *1 (D. Conn. May 7, 2018); *see also Emps. Mut. Cas. Co. v. Key

Pharms.*, 75 F.3d 815, 824 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate

'exceptional circumstances' justifying the extraordinary relief requested." (citing *Nemaizer v.

Baker*, 793 F.2d 58, 61 (2d Cir. 1986))).

3

"A Rule 60 motion 'may not be used as a substitute for appeal' . . . . [A] claim based on legal error alone is inadequate." *Nelson v. City of Stamford*, No. 3:12-cv-294 (VLB), 2012 WL 3155999, at *2 (D. Conn. Aug. 3, 2012) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 62 (2d Cir. 2009)). "The burden of proof on a Rule 60(b) motion lies with the party seeking relief." *Serrano v. Smith*, No. 05 CIV. 1849 (KTD), 2009 WL 1390868, at *1 (S.D.N.Y. May 13, 2009).

## III.   DISCUSSION

Mr. Irazu has filed a motion to amend or correct the Court's rulings denying his motion to recuse and adopting Magistrate Judge Spector's recommended ruling dismissing the Amended Complaint (the Court's "prior rulings"). Mr. Irazu also filed a motion for reconsideration of the Court's prior rulings.

The Court will address each in turn.

### A.  Motion to Amend or Correct Under Rule 52(b)

Rule 52(b) permits a court, on a party's motion, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b).

By invoking Rule 52(b), Mr. Irazu appears to argue that the Court has made findings of fact in support of its prior rulings. *See* Mot. to Amend at 14–16. Additionally, Mr. Irazu argues the Court has not considered additional events that have happened since he filed the Amended Complaint on June 21, 2021. *See id.* at 15 ("The Plaintiff alleges there are new and substantial changes of circumstances surrounding his claims, which have further evolved over the last year and a half. . . .").

Notably, Rule 52 specifically applies to "an action tried on the facts." Fed. R. Civ. P. 52(a). Here, the Complaint was dismissed at initial review. *See* Order, ECF No. 27. When reviewing a complaint, the Court "accept[s] as true all factual allegations in the complaint and

"draw[s] all reasonable inferences in favor of the plaintiff." *King v. Sampson*, 189 F.3d 284, 287 (2d Cir. 1999). In Magistrate Judge Spector's recommended ruling, which this Court adopted, the facts alleged in Mr. Irazu's Amended Complaint were considered as true. *See* Recommended Ruling at 1–3. Similarly, the Court relied on Mr. Irazu's statement of facts in deciding his motion for recusal. *See* Order, ECF No. 26. Therefore, Mr. Irazu's contention that the Court made incorrect findings of fact is misplaced.

Moreover, to the extend Mr. Irazu argues the Court should consider additional facts not in the Amended Complaint, this is incorrect. When considering a Complaint, a court is "limited to the contents of the operative complaint." *McCray v. Lee*, 963 F.3d 110, 119 (2d Cir. 2020). Therefore, the Court cannot make additional findings under Rule 52(b).

Accordingly, Mr. Irazu's motion to amend or correct will be denied.

### B. Motion for Reconsideration Under Rule 60(b)

Mr. Irazu next argues that the Court's ruling adopting Magistrate Judge Spector's recommended ruling and ruling denying Mr. Irazu's motion to recuse (the Court's "prior rulings") were incorrectly decided. Mot. for Reconsideration at 13–16. Mr. Irazu invokes Rule 60(a) and 60(b)(1) through 60(b)(6) as grounds for this Court to reconsider its prior rulings. *Id.* Mr. Irazu contends that the Court's prior rulings "do not pass the necessary threshold under law" and "it cannot be argued there is no sufficient evidence on the record." *Id.* at 14–15.

The Court will address each of these grounds below.

Rule 60(a) applies only to "changes that implement the result intended by the court at the time the order was entered"; it does not permit "changes that alter the original meaning to correct a legal or factual error." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150–51 (2d Cir. 1999) (quoting *Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997)).

Because Mr. Irazu requests that the Court alter its legal reasoning to implement a different result, Rule 60(a) cannot provide the relief he seeks.

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this provision, a district court may correct its own mistakes that are "of a substantive legal nature," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977), and "its own mistake[s] of fact," *Gey Assocs. Gen. P'ship v. 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). Because there are no legal errors in the Court's prior rulings that must be corrected, and as discussed above, the Court properly relied on the relevant facts, Mr. Irazu's motion will be denied on these grounds.

Similarly, Rule 60(b)(2) and 60(b)(3) cannot provide Mr. Irazu the relief he seeks. Rule 60(b)(2) "authorizes a court to relieve parties from judgments in the face of 'newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for a new trial.'" *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 29 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(b)(2)). Here, as noted above, there has been no trial and the Court's prior rulings were confined to the facts alleged in the Amended Complaint. While Rule 60(b)(3) provides relief if the movant can show there was "fraud . . . , misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), here, no opposing party has participated in this litigation to date. Therefore, Mr. Irazu's motion will be denied on these grounds.

Mr. Irazu has also not provided any basis to find that the Court's prior rulings are void under Rule 60(b)(4) because the Court properly dismissed the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Recommended Ruling, ECF No. 19; Order, ECF No. 27. The Court did so under 28 U.S.C. § 1915, which authorizes courts to review and dismiss *pro se* complaints "if the court determines that . . . the action . . . (ii) fails to state a

6

claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Therefore, there is no basis to find the Court's prior rulings are void. *See U.S. Secs. Exch. Comm'n v. Bronson*, No. No. 22-1045-cv, 2022 WL 5237474, at *2–3 (2d Cir. Oct. 6, 2022) (finding the movant could not establish the lower court's order was void because "[a] judgment is void under Rule 60(b)(4) for lack of jurisdiction only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties." (citation and quotations omitted)).

Next, Rule 60(b)(5) provides that a court may grant relief from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Here, there is no basis to apply Rule 60(b)(5) because the judgment has not been satisfied, released, or discharged, and the judgment was not based on an earlier judgment. Moreover, the third prong of Rule 60(b)(5) is intended to address injunctions because they "often remain in force for many years, and the passage of time frequently brings about changed circumstances—changes in the nature of the underlying problem, changes in the governing law or its interpretation by the courts, and new policy insights—that warrant reexamination of the original judgment." *Horne v. Flores*, 557 U.S. 433, 447–48 (2009). Here, there is no such injunction and therefore, Rule 60(b)(5) cannot provide the relief Mr. Irazu seeks.

Finally, Rule 60(b)(6) is "properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed where substantial justice will thus be served." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks and citations omitted). A Rule 60(b)(6) motion, however, "may not be used as a substitute for appeal" and "a claim based on legal error alone is

inadequate." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citing *Matarese*, 801 F.2d at 106). For the reasons discussed above, Mr. Irazu has failed to provide evidence of "extraordinary circumstances" warranting reconsideration, *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material." (citing *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977))), and his arguments concerning the Court's application of the law are more appropriately brought on appeal.

To the extent Mr. Irazu's motion for reconsideration also seeks leave to amend the Complaint, this request is denied. *See* Mot. for Reconsideration at 17 (requesting that "the Court open the present case . . . [and] allow the Plaintiff to amend his complaint in light of more recent events"). Even considering the additional facts included in Mr. Irazu's motions, any amendment would be futile because Mr. Irazu cannot cure Mr. Diamond's immunity from suit by pleading additional facts. *See Grullon v. City of New Haven*, 720 F.3d 133, 114 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded. . . . The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it." (citations, internal quotation marks, and alterations omitted)).

Accordingly, Mr. Irazu's motion for reconsideration will be denied.

## IV.    Conclusion

For the foregoing reasons, Mr. Irazu's motion to amend and motion for reconsideration are **DENIED**.

8

This case remains closed and therefore, Mr. Irazu's motion to participate in e-filing is

**DENIED as moot**.

    **SO ORDERED** at Bridgeport, Connecticut, this 7th day of April, 2023.

                                      /s/ Victor A. Bolden
                                      Victor A. Bolden
                                      United States District Judge

9

Case 3:21-cv-00618-VAB                                                4/21/2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

```
x----------------------------------------x
```
Fernando G. IRAZU, *Pro Se*                    3:21 CV 618 (VAB)
*Plaintiff*

v.

Margarita OLIVA SAINZ DE AJA and               **NOTICE OF APPEAL**
Kevin F. COLLINS, *et. al.*
*Defendants*
```
x----------------------------------------x
```

*Notice of Appeal* is hereby given by the Plaintiff in this case, Mr. Fernando G. IRAZU, within 30 days, to the **United States Court of Appeals for the Second District**, regarding final judgment dated 4/7/2023 (# 31) by Judge Victor A. Bolden from the United District Court for the District of Connecticut denying motions filed by this party pursuant to Rules 60 and 52(b) (motion to amend, motion for reconsideration, and motion for e-filing), in connection with the following interconnected rulings dated:[1] **(i)** 12/22/2022 (# 26, # 27); **(ii)** 3/8/2022 (# 19); **(iii)** 2/15/2022 (# 18); **(iv)** 6/15/2021 (# 16) ; **(v)** 5/25/2021 (# 10); **(vi)** 5/10/2021 (# 8).  IFP was granted by the US District Court last 5/25/2021 (# 9).

Buenos Aires, Argentina, April 21, 2023.

_____

Fernando G. IRAZU, Plaintiff, *Pro Se*
Billinghurst 1656, 2 A
Buenos Aires, 1425
ARGENTINA
fgirazu@gmail.com
+54114824-1067

---

[1] The appeal includes all previous rulings and orders affecting that judgment. *Greer v. St. Louis Reg'l Med. Ctr., 258 F.3d 843, 846 (8th Cir. 2001).* "Ordinarily, a notice of appeal that specifies the final judgment in a case should be understood to bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment."

APR 24 2023 AM 11:45
FILED - USDC - BPT - CT

Case 3:21-cv-00618-VAB                                          4/21/2023

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

```
-------------------------------------x
Fernando G. IRAZU, Pro Se                   3:21 CV 618 (VAB)
Plaintiff

v.

Margarita OLIVA SAINZ DE AJA and            NOTICE OF ACTION ON MOTIONS
Kevin F. COLLINS, et. al.
Defendants
-------------------------------------x
```

*Notice* is hereby given by the Plaintiff in this case, Mr. Fernando G. IRAZU, within 14 days, to the **United States Court of Appeals for the Second District**, that last 4/7/2023 Judge Victor A. Bolden from the United District Court for the District of Connecticut denied motions filed by this party pursuant to Rules 60 and 52(b) (motion to amend, motion for reconsideration, and motion for e-filing), and a t*Notice of Appeal* on all interconnected rulings shall be timely filed within 30 days.

Buenos Aires, Argentina, April 21, 2023.

Fernando G. IRAZU, Plaintiff, *Pro Se*
Attorney at Law
Billinghurst 1656, 2 A
Buenos Aires, 1425
ARGENTINA
fgirazu@gmail.com
+54114824-1067