# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23:702 _____

**Motion for:** Order. _____

_____

_____

Caption [use short title] _____

Set forth below precise, complete statement of relief sought:

Supplemental information about simultaneous and pending legal proceedings in local Connecticut Courts (appellate and district courts) post-filing of Plaintiff-Appellant's Brief, in re, Hunter v. McMahon, No. 21-1473 (2d Cir. 7/21/2023) —also post-filing of such brief based on Rule 28(j) letter filed 7/29/23.

**IRAZU v. SAINZ de AJA**

**MOVING PARTY:** Appellant-Plaintiff

**OPPOSING PARTY:** M. Oliva Sainz de Aja; K. Collins; et al.

- [✔] Plaintiff
- [ ] Defendant
- [ ] Appellant/Petitioner
- [ ] Appellee/Respondent

**MOVING ATTORNEY:** Fernando G. Irazu, Pro Se

**OPPOSING ATTORNEY:** Kevin F. Collins; Michael Skold

[name of attorney, with firm, address, phone number and e-mail]

Billinghurst 1656, 2 A, Buenos Aires, Argentina.

fgirazu@gmail.com

+54 11 4824-1067

m.olivasainz@gmail.com

kfc@collinspowers.com

mskold@ct.gov

**Court- Judge/ Agency appealed from:** Victor A. Bolden, US District Court of Connecticut.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[ ] Yes  [✔] No (explain): No contact.
_____

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [✔] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [ ] Yes  [ ] No

Has this relief been previously sought in this court?  [ ] Yes  [ ] No

Requested return date and explanation of emergency: _____

_____
_____
_____
_____

Is oral argument on motion requested?  [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✔] No  If yes, enter date:_____

**Signature of Moving Attorney:**

_____ **Date:** 8/8/2023  Service by: [✔] CM/ECF  [ ] Other [Attach proof of service]

**Form T-1080** (rev.12-13)

**UNITED STATES COURT OF APPEALS**
**FOR THE 2nd CIRCUIT**

```
--------------------------------------------------x
                                                  |
Fernando G. IRAZU, *Pro Se*                       |        23:702
*Plaintiff-Appellant*                             |
                                                  |
v.                                                |
                                                  |
Margarita OLIVA SAINZ DE AJA and                  |
Kevin F. COLLINS, *et. al*.                       |
*Defendants-Appellees*                            |
                                                  |
--------------------------------------------------x
```

## MOTION FOR ORDER

Fernando G. Irazu (the "Plaintiff" or "Plaintiff-Appellant"), *pro se*, respectfully files a

*Motion for Order* requesting the Court to take into consideration the anomalous situation generated

by simultaneous pending proceedings before local courts in Connecticut, also in light of its recent

precedent, *in re, Hunter v. McMahon*, No. 21-1473 (2d Cir. 7/21/2023), which was highlighted

before the Court by the Plaintiff-Appellant post-filing of his brief and appendix of 7/15/2023 via his

Rule 28(j) letter of 7/29/2023.

## I.   PARTICULAR FACTUAL GROUNDS

1.   On 7/15/2023 the Plaintiff submitted his core brief and appendix before this Court.

2.   On 7/28/2023 the Plaintiff was alerted by email that the appellate court of

Connecticut, via the assigned case manager, had entered a *sua sponte* order last 7/5/2023.  This order

allowed the Defendant (Ms. Margarita OLIVA SAINZ de AJA, advised by Mr. Kevin F. COLLINS)

1

to submit, almost a year later and against applicable law, all preliminary appeal documents pertaining to her "returned cross appeal" of 8/16/2022.  Please note the Defendant's cross-appeal was never properly refiled and it concerned a ruling of contempt to court against her dated 7/26/2022, which was in turn reargued by the other side and subsequently reaffirmed by the same local district court without any adverse financial consequences so far (**Appendix 1 A**).

3.  Upon such illegal course of action, on 7/28/2023 the Plaintiff filed a motion to dismiss the Defendant's "returned cross appeal" and ancillary documentation at the appellate court level (**Appendix 1 B**) –this motion further explains the background of the situation.  Over the last several months, the appellate court has also rejected every single legitimate request posed by this party under the law –motions for review, transfer, reconsideration, *en banc* or not, etc.

4.  Recently, the local district court ordered the Defendant to name the three children of the parties as exclusive beneficiaries in equal shares of the $1,000,000 life insurance policy of the Plaintiff, all pursuant to outstanding court orders, after her illegal modification of such beneficiaries via a revocable trust agreement in which she is the sole grantor/trustee.   No ruling of contempt has taken place so far on this topic.  The Plaintiff requested such illegality to be cured for the exclusive benefit of his children also in connection with the Defendant's own life insurance policy for $1,000,0000; and restated a pertinent motion for contempt as to such fraudulent change of beneficiaries as well the fraudulent refusal to list the parties' joint-owned property for sale last 4/1/2021 –so far something ignored and never ruled upon both at the district court and appellate court levels in Connecticut (**Appendix 1 C**).

## II.  PARTICULAR LEGAL GROUNDS

5.    This Court just held that federal jurisdiction is open to those impacted by local legal proceedings when the latter are still pending / subject to an appeal, *in re, Hunter v. McMahon*, No. 21-1473 (2d Cir. 7/21/2023), as follows:

> "We hold that the *Rooker-Feldman* doctrine does not apply when an appeal remains pending in state court. *Rooker-Feldman* applies only after the state proceedings have ended. We reverse the judgment of the district court insofar as it dismissed Hunter's complaint for lack of subject matter jurisdiction. We vacate the judgment insofar as the district court denied Hunter's motions for leave to amend and for additional time to serve defendants. We remand for further proceedings consistent with this opinion."

6.    Irrespective of the Plaintiff's strict action for damages in federal court, simultaneous legal proceedings are in fact being carried out at the local level in Connecticut, pending of an appeal in various respects, and within the context of abuse of process with fraudulent intent: an overall scheme of criminal nature that requires rulings from local courts to be sealed.  The Plaintiff did request these proceedings to be transferred to federal venue.

7.    The Plaintiff argues such alleged criminal activity is subject to punishment by federal, local and/or international normative, also attending its transnational component based on the fact the Plaintiff was compelled to relocation to Argentina, in the midst of such plot and on-going federal proceedings before the US District Court of Connecticut, precisely due to the impact of the events described in his complaint.

## III.  RELIEF

**AS A RESULT OF THE FOREGOING,** the Plaintiff respectfully pleads the Court to take into consideration the anomalous situation generated before local courts in Connecticut based on the attached supplemental documentation, as a result of pending and protracted proceedings of

3

years as well as within the context of the core relief requested by this party last 7/15/2023, which

includes the transfer of such local proceedings to federal venue.

DATED in Buenos Aires, ARGENTINA, on August 8, 2023.

By:   Fernando G. IRAZU, *Pro Se*
        *Plaintiff-Appellant*
        Attorney at Law
        Billinghurst 1656
        Buenos Aires, 1425
        ARGENTINA
        fgirazu@gmail.com
        +5411-4824-1067

## CERTIFICATE OF SERVICE

I certify that on this 8/8/2023 a true and correct copy of the above and foregoing has been served on the following counsel of record:

LAW OFFICES OF KEVIN F. COLLINS
Kevin COLLINS
1177 Summer Street # 403
Stamford, CT 06905
kfc@collinspowers.com
+ 1 203 327-5400

Michael SKOLD
State of Connecticut
michael.skold@ct.gov
+ 1 860 808-5387

 

 

 

By:    Fernando G. IRAZU, *Pro Se*
*Plaintiff-Appellant*
Attorney at Law
Billinghurst 1656
Buenos Aires, 1425
ARGENTINA
fgirazu@gmail.com
+5411-4824-1067

5